UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAMILO SANDOVAL, on behalf of himself and all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>WILLIAMS & FUDGE, INC. and STUDENT LOAN SOLUTIONS, LLC,<br><br>        Defendants. | Case No. 1:19-cv-02971-RA-GWG |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

Lori J. Quinn, Esq.
**MARSHALL DENNEHEY WARNER
COLEMAN AND GOGGIN, P.C.**
*Attorney for the Defendants*
105 Maxess Road – Suite 303
Melville, New York 11747
Phone No.: (631) 227-6347
Fax No.: (631) 232-6184
E-mail: LJQuinn@mdwcg.com

## Table of Contents

Table of Authorities ......................................................................................................... ii

I.   STATEMENT OF FACTS ...................................................................................... 1

II.  STANDARD OF REVIEW ...................................................................................... 1

III. ARGUMENT ........................................................................................................ 2

a.   Plaintiff's Claims Under Sections 1692e And 1692f Fail Because Plaintiff Does Not Plead Facts Sufficient to Support The Debt Is Past The Statute of Limitations ....................................... 3

b.   Plaintiff Fails To State A Claim Under Section 1692g ........................................................ 9

IV.  CONCLUSION ..................................................................................................... 10

**Table of Authorities**

Cases

*Armfield v. Moore*, 2 S.E. 347 (N.C. 1887) ............................................................................... 7

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ........................................................................... 1, 2, 9

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ............................................................ 2, 9

*Clomon v. Jackson*, 988 F.2d 1314 (2nd Cir. 1993) ................................................................. 4

*Cochrane v. Turner*, 582 F.Supp. 971 (W.D.N.C. 1983) .......................................................... 6

*Davis v. Collins*, 247 N.Y.S. 257 (1930) ................................................................................. 5

*DeArmon v. B. Mears Corp.*, 314 S.E.2d 124 (N.C. App. 1984), *rev'd on other grounds*, 325 S.E.2d 223 (N.C. 1985) ................................................................................................................ 7

*Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130 (2nd Cir. 2010) ......................................... 4

*First Union Nat. Bank of Delaware v. Bankers Wholesale Mortg., LLC*, 570 S.E.2d 217 (N.C. App. 2002) ......................................................................................................................... 7, 8

*Goldman v. Beldon*, 754 F.2d 1059 (2d Cir. 1985) .................................................................. 2

*Gordon & Co. v. Ross*, 63 F.Supp.2d 405 (S.D.N.Y. 1999) ..................................................... 5

*Gorlin v. Bond Richman & Co.*, 706 F.Supp. 236 (S.D.N.Y. 1989) ........................................... 5

*Greco v. Turner, Cohen & Thomas, L.L.P.*, 412 F.3d 360 (2nd Cir. 2005) .................................. 4

*Hanover Ins. Co. v. Lanier*, 2013 WL 3455735 (E.D.N.C. Jul. 9, 2013) ................................... 5

*International Shoe Co. v. Washington*, 326 U.S. 310 (1945) ..................................................... 7

*Jaeger v. Applied Analytical Industries Deutschland GMBH*, 582 S.E.2d 640 (N.C. App. 2003) 7

*Maleh v. United Collection Bureau, Inc.*, 287 F.Supp.3d 265 (E.D.N.Y. 2018) .......................... 2

*Mills v. Polar Molecular Corp.*, 12 F.3d 1170 (2nd Cir. 1993) ................................................. 1

*Papasan v. Allain*, 478 U.S. 265 (1986) ................................................................................. 1

*Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996) .............................................................. 4

*Stuart v. American Cyanamid Co.*, 158 F.3d 622 (2d Cir. 1998) ............................................... 5

*Sutton v. Financial Recovery Services, Inc.*, 121 F.Supp.3d 309 (E.D.N.Y. 2015) ...................... 4

*World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286 (1980) ............................................. 7

Statutes

15 U.S.C. § 1692(e) ............................................................................................................... 2

15 U.S.C. § 1692c(b) .............................................................................................................. 2

15 U.S.C. § 1692e .......................................................................................................... 2, 3, 10

15 U.S.C. § 1692e(10) .......................................................................................................... 2, 3

15 U.S.C. § 1692e(2)(A) ........................................................................................................ 2, 3

15 U.S.C. § 1692e(5) ............................................................................................................ 2, 3

15 U.S.C. § 1692f ............................................................................................................ 2, 3, 10

15 U.S.C. § 1692g .............................................................................................................. 2, 10

15 U.S.C. § 1692g(a) ........................................................................................................ 2, 3, 9

N.C. Gen. Stat. § 1-21 ............................................................................................................. 6

N.C. Gen. Stat. § 1-47(2) ........................................................................................................ 5

N.C. Gen. Stat. § 1-52(1) ........................................................................................... 5
N.C. Gen. Stat. § 1-75.4 ............................................................................................. 7
NY CPLR § 202 ........................................................................................................ 4, 5
NY CPLR § 213 ......................................................................................................... 8

Rules

Fed. R. Civ. P. 10(c) ................................................................................................. 2
Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 2, 10

## I.      STATEMENT OF FACTS

Plaintiff Camilo Sandoval ("Sandoval" or "Plaintiff") is a person residing in Manhattan. Am. Compl. ¶ 5.  Defendant Williams & Fudge, Inc. ("WFI") is a South Carolina corporation and defendant Student Loan Solutions, LLC ("SLS;" collectively with WFI, "Defendants") is a South Carolina limited liability company.  Am. Compl. ¶¶ 14, 20.  WFI and SLS each "possesses a license from the New York City Department of Consumer Affairs to operate as a 'Debt Collection Agency'."  Am. Compl. ¶¶ 16, 22.  Plaintiff obtained a student loan from Bank of America, N.A. ("BANA"), which is now owed to SLS.  Am. Compl. ¶¶ 9-10.  BANA, a National Bank headquartered in North Carolina, is a subsidiary of Bank of America Corporation ("BAC"), which maintains its principal office in North Carolina.  Am. Compl. ¶¶ 35-36.  Plaintiff's last payment on the loan was August 15, 2013, and he defaulted in September 2013.  Am. Compl. ¶¶ 45-46.  On or about November 12, 2017, WFI sent Plaintiff a letter ("the Letter") regarding the debt owed to SLS.  Am. Compl. ¶ 7.  The Letter does not make any reference to the statute of limitations and includes a disclosure regarding the effects of a money judgment being obtained.  Am. Compl. ¶¶ 55-56 and Exhibit A.

## II.      STANDARD OF REVIEW

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court should "accept as true the factual allegations of the complaint, and draw all inferences in favor of the pleader." *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2nd Cir. 1993) (citation omitted).  The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citation omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

1

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly* at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility' of 'entitlement to relief.'" *Id.* (citing *Twombly* at 557 (brackets omitted)). "[A] Rule 12(b)(6) motion is addressed to the face of the pleading. *Goldman v. Beldon,* 754 F.2d 1059, 1065 (2d Cir. 1985). "The pleading is deemed to include any document attached to it as an exhibit, Fed. R. Civ. P. 10(c), or any document incorporated in it by reference." *Id.* at 1065-66 (citations omitted).

## III.   ARGUMENT

The Fair Debt Collection Practices Act's ("FDCPA") primary purposes are "to eliminate abusive debt collection practices by debt collectors [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged…" 15 U.S.C. § 1692(e). Plaintiff brings five FDCPA claims, contending Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, and 1692g by sending the Letter. Am. Compl. ¶¶ 57, 61, 63, 65, and 67. "To establish a violation under the FDCPA, (1) the plaintiff must be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a 'debt collector,' and (3) the defendant must have engaged in an act or omission in violation of FDCPA requirements." *Maleh v. United Collection Bureau, Inc.,* 287 F.Supp.3d 265, 270 (E.D.N.Y. 2018) (internal citations and quotations omitted). Plaintiff's complaint fails to establish this third prong.

Section 1692e states "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. The

2

statute then provides a non-exhaustive list of conduct which violate that section. *Id.* Included on the list of prohibited conduct is "[t]he false representation of the character, amount, or legal status of any debt[,]" "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken[,]" and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e(2)(A), 1692e(5), and 1692e(10).

Section 1692f states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. As in section 1692e, section 1692f provides a non-exhaustive list of conduct which would violate that section. *See, Id.* Section 1692g requires a debt collector to send a notice to a consumer "[w]ithin five days after the initial communication" "unless…contained in the initial communication…" 15 U.S.C. § 1692g(a). The notice must contain:

(1) the amount of the debt;
(2) the name of the creditor to whom the debt is owed;
(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

*Id.*

### a. Plaintiff's Claims Under Sections 1692e And 1692f Fail Because Plaintiff Does Not Plead Facts Sufficient to Support The Debt Is Past The Statute of Limitations

When reviewing a letter to determine whether it violates section 1692e, the Second Circuit has adopted the "least sophisticated consumer" standard. *See Clomon v. Jackson*, 988 F.2d 1314,

3

1318 (2nd Cir. 1993).   "The hypothetical least sophisticated consumer does not have 'the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer,' but is neither irrational nor a dolt." *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2nd Cir. 1996). This standard is an objective analysis that seeks to protect the naïve from abusive practices…while simultaneously shielding debt collectors from liability for bizarre or idiosyncratic interpretations of debt collection letters. *Greco v. Turner, Cohen & Thomas, L.L.P.*, 412 F.3d 360, 363 (2nd Cir. 2005) (citations and quotation marks omitted). The "least sophisticated consumer" standard also applies when reviewing a letter to determine whether it violates section 1692f. *See, e.g., Sutton v. Financial Recovery Services, Inc.*, 121 F.Supp.3d 309 (E.D.N.Y. 2015).

The basis for Plaintiff's claims under sections 1692e and 1692f is his contention that the debt was beyond the statute of limitations when WFI sent the Letter. Am. Compl. ¶¶ 53-54. Specifically, Plaintiff alleges:

> [The Letter] does not advise Sandoval that the statute of limitations on the commencement of a legal action to collect the debt had expired, does not advise Sandoval that SLS would not commence a legal action to attempt to recover the debt, and does not advise Sandoval that making any type of payment could result in the renewal of the statute of limitations.

> In addition, the notice at the bottom of [the Letter] regarding if a creditor or debt collector receives a money judgment against  you in court would make the least sophisticated consumer believe that a legal action may be commenced to attempt to recover the debt.

Am. Compl. ¶¶ 55-56. He also alleges that Defendants do not review whether the statute of limitations had passed prior to communicating with a consumer or collecting a debt. Am. Compl. ¶¶ 59-60

Plaintiff's contentions are insufficiently pleaded and based on an incomplete analysis of the applicable law. He contends New York's borrowing statute, NY CPLR § 202, mandates the

4

imposition of a shorter three-year statute of limitations.  Compl. ¶¶ 32-52.  New York's borrowing

statute states:

> An action based upon a cause of action accruing without the state cannot be
> commenced after the expiration of the time limited by the laws of either the state
> or the place without the state where the cause of action accrued, except that where
> the cause of action accrued in favor of a resident of the state the time limited by the
> laws of the state shall apply.

NY CPLR § 202.  "For purposes of the New York borrowing statute, a cause of action accrues

where the injury is sustained." *Gorlin v. Bond Richman & Co.*, 706 F.Supp. 236, 240 (S.D.N.Y.

1989) (citation omitted).  "In cases involving economic harm, that place is normally the state of

plaintiff's residence." *Id.* (citations omitted).  Plaintiff contends that, based on New York's

borrowing statute, the three-year statute of limitations of North Carolina, where BANA is

headquartered and where BAC's principal office is located, would apply.  Compl. ¶¶ 31-44.

The statute of limitations for breach of contract actions in North Carolina is three years.[1]

N.C. Gen. Stat. § 1-52(1).  However, the analysis does not end there.  "Under C.P.L.R. § 202,

when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court

must apply the shorter limitations period, ***including all relevant tolling provisions,*** of either: (1)

New York; or (2) the state where the cause of action accrued." *Stuart v. American Cyanamid Co.*,

158 F.3d 622, 627 (2d Cir. 1998) (citing N.Y.C.P.L.R. § 202 (McKinney 1990)) (emphasis added).

*See, also, Davis v. Collins*, 247 N.Y.S. 257 (1930) (holding application of Virginia's statute of

limitations was tolled based on defendant's absence from Virginia and Virginia's tolling statute)

and *Gordon & Co. v. Ross*, 63 F.Supp.2d 405, 410 (S.D.N.Y. 1999) ("New York courts have

consistently held that the borrowing statute requires that tolls be borrowed with the period,

---

[1] North Carolina has a ten-year statute of limitations for breach of a contract under seal.  N.C. Gen. Stat. § 1-47(2).
The contract says "This Credit Agreement is signed under seal."  Am. Compl. Exhibit B, p. 2.  However, the word
"seal" does not appear next to the signature.  *Id.*  Under these circumstances, whether the contract is under seal is a
question of fact.  *See Hanover Ins. Co. v. Lanier*, 2013 WL 3455735 (E.D.N.C. Jul. 9, 2013).

5

including tolls for absence from the jurisdiction.").

North Carolina's statute of limitations is tolled against a party that is outside of North Carolina, unless North Carolina courts have personal jurisdiction over the party via North Carolina's long-arm statute. *See* N.C. Gen. Stat. § 1-21. The statute applies to nonresident defendants. *See Cochrane v. Turner*, 582 F.Supp. 971, 972 (W.D.N.C. 1983). Specifically, the statute says:

> **If when the cause of action accrues** or judgment is rendered or docketed **against a person, he is out of the State, action may be commenced,** or judgment enforced **within the times herein limited after the return of the person to this State,** and if, after such cause of action accrues or judgment is rendered or docketed, such person departs from and resides out of this State, or remains continuously absent therefrom for one year or more, the time of his absence shall not be a part of the time limited for the commencement of the action or the enforcement of the judgment. Provided, that where a cause of action arose outside of this State and is barred by the laws of the jurisdiction in which it arose, no action may be maintained in the courts of this State for the enforcement thereof, except where the cause of action originally accrued in favor of a resident of this State.
>
> The provisions of this section shall not apply to the extent that a court of this State has or continues to have jurisdiction over the person under the provisions of G.S. 1-75.4.

N.C. Gen. Stat. § 1-21 (emphasis added). Plaintiff contends the tolling statute "only applies if the cause of action arose outside of North Carolina." Am. Compl. ¶ 48. This legal conclusion is expressly contradicted by the plain language of the statute. The statute clearly applies to causes of action arising in North Carolina, a point which is underscored by the statute specifically having a provision for claims arising outside of North Carolina which are barred where they arose. As the North Carolina Supreme Court has said when interpreting a prior version of the statute:

> The purpose [of the statute] is to prevent defendants from having he benefit of the lapse of time (the statute of limitations) while the permit debts against them past due to remain unpaid, or other causes of action against them to remain undischarged, and keep beyond the limits of the state and the jurisdiction of its courts, and thus prevent the person having the right to sue from doing so. It is not the policy or purpose of the state to drive its citizens directly or indirectly to seek

their remedies abroad, or to encourage non-residents to keep out of it, and beyond the jurisdiction of its courts, as would in some manner be the case if, by keeping out of the state, the debtor or person against whom a cause of action exists could avail himself of the lapse of time during his absence.

*Armfield v. Moore*, 2 S.E. 347, 349 (N.C. 1887).

North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4, "is liberally construed to find personal jurisdiction over nonresident defendants to the full extent allowed by due process." *Jaeger v. Applied Analytical Industries Deutschland GMBH*, 582 S.E.2d 640, 644 (N.C. App. 2003) (quoting *DeArmon v. B. Mears Corp.*, 314 S.E.2d 124, 126 (N.C. App. 1984), *rev'd on other grounds*, 325 S.E.2d 223 (N.C. 1985)). "Due Process requires defendant to have sufficient minimum contacts with the forum state before being hailed into court." *First Union Nat. Bank of Delaware v. Bankers Wholesale Mortg., LLC*, 570 S.E.2d 217, 221 (N.C. App. 2002) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "Minimum contacts must be such that the exercise of personal jurisdiction does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal citation and quotation omitted)).

> The test for sufficient minimum contacts is not mechanical, but instead requires individual consideration of the facts in each case. In determining whether sufficient minimum contacts exist, the Court should consider (1) the quantity of contacts between defendants and North Carolina; (2) the nature and quality of such contacts; (30 the source and connection of plaintiff's cause of action to any such contacts; (4) the interest of North Carolina in having this case tried here; and (5) convenience to the parties. In addition to the minimum contacts inquiry, the Court should take into account (1) whether defendants purposefully availed themselves of the privilege of conducting activities in North Carolina, (2) whether defendants could reasonably anticipate being brought into court in North Carolina, and (3) the existence of any choice-of-law provision contained in the parties' agreement.

*Id.* (internal citations and quotations omitted).

Plaintiff alleges entering into an agreement with a North Carolina-headquartered bank. Am. Compl. ¶¶ 9, 35. He makes no other allegations regarding any contacts he might have with

7

North Carolina and, in fact, concedes he was never subject to North Carolina's jurisdiction. Am. Comp. ¶ 51. Plaintiff not only fails to allege contacts sufficient for a North Carolina court to exercise jurisdiction but concedes a North Carolina court could not exercise jurisdiction. He did not "purposely avail [himself] of the privilege of conducting business in North Carolina," and he "could [not] reasonably anticipate being brought into court in North Carolina[.]" *First Union*, 570 S.E.2d at 221.

Plaintiff claims under sections 1692e and 1692f are based on the debt being beyond the statute of limitations. That is only true if North Carolina's three year statute of limitations applies. North Carolina's statute of limitations only applies if North Carolina courts have personal jurisdiction, otherwise it is tolled. Plaintiff fails to allege any facts that would give North Carolina courts personal jurisdiction and concedes North Carolina courts never had jurisdiction over him. All the facts alleged point to other jurisdictions. Because Plaintiff fails to allege any facts which would even suggest North Carolina courts had personal jurisdiction over him, and concedes North Carolina courts never had personal jurisdiction, North Carolina's statute of limitation has been, and continues to be, tolled. Therefore, New York's borrowing statute would mandate the application of New York's six-year statute of limitations. *See* NY CPLR § 213. Plaintiff defaulted in September 2013 and the Letter was sent in November 2017, four years and two months after default. Am. Compl. ¶¶ 46, 53. New York's six-year statute of limitations had not yet passed when the Letter was sent.

The Letter cannot violate either 15 U.S.C. § 1692e or 15 U.S.C. § 1692f for failing to "advise Sandoval that the statute of limitations on the commencement of legal action to collect the debt had expired[]" because it had not (and still has not) expired. Likewise, even if the Letter made "the least sophisticated consumer believe that a legal action may be commenced to attempt

8

to recover the debt[,]" there is no violation of either section 1692e or 1692f because a legal action could be commenced at the time the Letter was sent and, in fact, can still be commenced. Plaintiff claims under sections 1692e and 1692f must therefore be dismissed.

b. **Plaintiff Fails To State A Claim Under Section 1692g**

The Letter states that Plaintiff owes $32,357.67 to SLS. Am. Compl. Exhibit A. This satisfies the requirement to state "the amount of the debt[]" and "the name of the creditor to whom the debt is owed[.]" 15 U.S.C. § 1692g(a)(1)-(2). The Letter also states:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receiving this notice, that you dispute the validity of the debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. Upon your written request within 30 days after receipt of this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Am. Compl. Exhibit A. This paragraph satisfies the validation notice requirements set forth in 15 U.S.C. § 1692g(a)(3)-(5). Plaintiff makes no allegations that Defendants failed to satisfy the requirements of 15 U.S.C. § 1692g(a), nor does he make any allegations that he disputed the debt and that Defendants failed to take the actions required by 15 U.S.C. § 1692g(b). He likewise does not allege that there are any statements in the Letter which overshadow or contradict his rights with respect to disputing the debt.

Instead, Plaintiff alleges "Defendants violated 15 USC 1692g as a result of W&F sending Exhibit A to Sandoval." Am. Compl. ¶ 67. This conclusory and self-serving allegation without a scintilla of factual support fails to satisfy the "facial plausibility" standard. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556) (emphasis added). Plaintiff offers no explanation as to how the Letter

9

might violate 15 U.S.C. § 1692g. Presumably, Plaintiff is relying on his contention that the statute of limitations ran before the Letter was sent. As explained above, this contention is incorrect. However, even if it were correct, the Letter would not violate 15 U.S.C. § 1692g because that statute only relates to whether a debt collector has identified the amount of the debt, the current creditor, and provided a consumer with a validation notice, as well as places obligations on a debt collector when a debt is disputed. Plaintiff makes no factual allegations regarding any act or omission taken by either Defendant which would violate 15 U.S.C. § 1692g. Since Plaintiff pleaded no factual content to support this cause of action and the Letter complies with 15 U.S.C. § 1692g on its face, this cause of action fails and must be dismissed.

## IV. CONCLUSION

The facts as alleged in this case fail to plausibly assert the Letter was sent to Plaintiff past the applicable statute of limitations, so there is no violation of either 15 U.S.C. § 1692e or 15 U.S.C. § 1692f. Plaintiff makes no factual allegations which could form the basis for a claimed violation of 15 U.S.C. § 1692g, and the content of the Letter match the time-tested verbiage required by the FDCPA. Plaintiff's Amended Complaint therefore fails to plead any plausible claim for violation of the FDCPA and should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: June 17, 2019.
      Melville, New York

Respectfully submitted,

By: _____
Lori J. Quinn, Esq.
**MARSHALL DENNEHEY WARNER**
**COLEMAN & GOGGIN**
